# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

P.H. GLATFELTER CO.,

    Plaintiff,

v.                                           Case No. 15-MC-46

WINDWARD PROSPECTS LTD,

    Defendant.

## ORDER DENYING MOTION TO COMPEL

P.H. Glatfelter Company brought this miscellaneous action to compel responses to subpoenas served on the Defendant, Windward Prospects Limited. Windward is an English company without offices or employees in the United States. In addition to a personal jurisdiction defense, Windward argues that the information Glatfelter seeks will be unduly burdensome to produce and would overlap with the very same information Glatfelter may obtain from Appvion, whose motion for a protective order was recently denied in the contribution action, No. 08-C-16. For the reasons given below, the motion to compel will be denied.

I will address jurisdiction first. When the cause of action arises out of the defendant's contacts with the forum, a court may be said to exercise specific jurisdiction over that defendant. Specific jurisdiction may be exercised only when the defendant has constitutionally sufficient "minimum contacts" with the forum, *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474 (1985) (citation omitted), and where subjecting the defendant to the court's jurisdiction comports with "traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington,* 326 U.S. 310,

316 (1945). Both sides appear to agree that the forum in question is the United States as a whole.

Glatfelter argues that Windward has sufficient contacts with the United States because it conducts operations here through its general counsel, Brian Tauscher, who is also one of its three directors. Tauscher, a lawyer in private practice, lives in New Hampshire. Although Glatfelter cites instances in which Tauscher referred to himself as "employed" by Windward, Windward protests convincingly that Tauscher is not an employee but merely an attorney who, through a retainer agreement, serves as its general counsel and representative in the United States. Simply employing a lawyer to represent its interests in the United States cannot be enough to establish minimum contacts, or else foreign entities who are sued here would automatically subject themselves to personal jurisdiction merely by hiring local counsel to defend themselves. And, although there are a few references to Tauscher being "employed" by Windward, it appears that term was used in the general sense that Windward employed Tauscher's services as a private attorney, not that it had an employer-employee relationship with him. In sum, Glatfelter has not established that Windward's counsel's presence in this country suffices to establish personal jurisdiction over the foreign company that retained him.

Glatfelter also suggests that Windward is the real party in interest in the contribution action because it stands to benefit from any recovery Appvion might receive. Even if true, it is a stretch to say that a strictly financial relationship with an American company is enough to establish minimum contacts with the United States. Unlike the typical personal jurisdiction case, Windward is not selling anything on American soil or availing itself of American capital markets. As noted above, it has no employees here. It has long been recognized that a company has the minimum contacts to support specific jurisdiction only where the defendant "purposefully avails itself of the

2

Case 1:15-mc-00046-WCG   Filed 11/24/15   Page 2 of 3   Document 45

privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Hanson v. Denckla,* 357 U.S. 235, 253 (1958). Notably, even if Windward *owned* Appvion, the fact that Appvion was a subsidiary would not suffice to establish the parent's minimum contacts. Here, the allegation is merely that Windward has a substantial stake in the outcome of this lawsuit, an even more tenuous connection to the United States. Accordingly, I conclude that personal jurisdiction is lacking.

In addition, Glatfelter has not established what documents it seeks that would not already be subject to production by Appvion, a party to the contribution action. No doubt Glatfelter would protest that at this point it does not necessarily know with any great specificity which documents it might like to see, that the mere *chance* of uncovering something relevant and non-duplicative would justify an order requiring Windward to answer the subpoena. But as Windward notes, the information sought pertains to the financial arrangements and insurance settlements Appvion has made, and so presumably Appvion itself will be the best source of those documents, making any effort to obtain them from Windward unnecessary.

For these reasons, the motion to compel is **DENIED**.

Dated this 24th day of November, 2015.

                                                        /s William C. Griesbach
                                                       William C. Griesbach, Chief Judge
                                                       United States District Court