UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

P.H. GLATFELTER CO.,

    Plaintiff,

v.                                              Case No. 15-MC-46

WINDWARD PROSPECTS LTD,

    Defendant.

## ORDER DENYING RECONSIDERATION

P.H. Glatfelter Company filed this action to compel responses to subpoenas served on the Defendant, Windward Prospects Limited, an English company without offices or employees in the United States. I denied the motion to compel, and now Glatfelter has filed a motion for reconsideration, citing newly discovered evidence. The motion will be denied.

The motion turns on the role of Brian Tauscher, a New Hampshire resident with substantial connections to Windward. In the previous decision, I credited Windward's statement to the effect that "Tauscher is not an employee but merely an attorney who, through a retainer agreement, serves as its general counsel and representative in the United States. Simply employing a lawyer to represent its interests in the United States cannot be enough to establish minimum contacts, or else foreign entities who are sued here would automatically subject themselves to personal jurisdiction merely by hiring local counsel to defend themselves." (ECF No. 45 at 2.)

Much of Glatfelter's "new evidence" is directed toward showing that Brian Tauscher was not merely a lawyer (and director) of Windward. Since 2009, a company called TMW (a

Luxembourg entity) has owned Windward, and Tauscher is a shareholder of TMW. Thus, because Tauscher is an owner of a company that in turn owns Windward, he is not simply a lawyer-agent but also, in effect, a principal. According to Glatfelter, that means Windward has minimum contacts with the United States.

But once again Glatfelter is glossing over corporate formalities. After all, the analysis focuses on Windward and whether it purposefully avails itself of the forum—not on who owns part of a company that owns Windward. The evidence about TMW's ownership does not establish that Windward—the subsidiary—purposefully availed itself of any forum, much less this one. If it is true that jurisdiction over a parent company does not "automatically establish jurisdiction over a wholly-owned subsidiary," *Keeton v. Hustler Magazine, Inc.,* 465 U.S. 770, 781 (1984), it must also be true that jurisdiction over an individual that owns part of a parent company cannot suffice to establish jurisdiction over the subsidiary. When looking at the contacts of the corporation, courts do not look to the corporation's individual owners, because that would defeat one of the principal reasons underlying the corporate form, namely, the creation of a distinct and separate entity. Corporations are bought and sold all the time, and thus the domicile of the company's owners on a given day does not dictate whether the company *itself* has purposely availed itself of any particular forum.

For these reasons, the motion for reconsideration is **DENIED**.

Dated this 2nd day of February, 2016.

    /s William C. Griesbach
William C. Griesbach, Chief Judge
United States District Court